IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| STRAGENT LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIV. NO. 6:16-CV-00446-RWS-KNM |
| v. | ) | |
| | ) | |
| BMW OF NORTH AMERICA, LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| STRAGENT LLC, | ) | |
| | ) | |
| Plaintiff, | ) | CIV. NO. 6:16-CV-00447-RWS-KNM |
| | ) | |
| v. | ) | |
| | ) | |
| MERCEDES-BENZ USA, LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| STRAGENT LLC, | ) | |
| | ) | |
| Plaintiff, | ) | CIV. NO. 6:16-CV-00448-RWS-KNM |
| | ) | |
| v. | ) | |
| | ) | |
| VOLVO CARS OF NORTH AMERICA, LLC, | ) | |
| | ) | |
| Defendant. | | |

**DEFENDANTS' MOTION TO COMPEL PLAINTIFF
TO REMOVE THE "CONFIDENTIAL" DESIGNATION
FROM THE EXHIBITS OF THE DISCLOSURE OF ASSERTED CLAIMS
AND INFRINGEMENT CONTENTION DOCUMENTS**

Defendants Mercedes-Benz USA, LLC, Mercedes-Benz U.S. International, Inc., and Daimler North America Corporation (collectively "Mercedes"), BMW of North America, LLC and BMW Manufacturing Co., LLC (collectively "BMW"), and Volvo Cars of North America, LLC ("Volvo") (collectively, "Defendants") hereby move the Court for an order compelling Plaintiff, Stragent, LLC ("Stragent"), to remove the "CONFIDENTIAL" designations from the three claim chart exhibits accompanying its Local Patent Rule 3-1 and 3-2 Disclosure of Asserted Claims and Infringement Contentions ("ICs").

## RELEVANT BACKGROUND

On June 6, 2016, Stragent served Defendants with its original complaint, accusing Defendants of infringing claims 1-6 of U.S. Patent No. 8,209,705 ("the '705 patent") and claim 51 of U.S. Patent No. 8,566,843 ("the '843 patent"). (Dkt. No. 1). After being ordered by the Court to address deficiencies in its original complaint, Stragent filed a first amended complaint on March 17, 2017, which accused Defendants of infringing the same claims of the same patents. (Dkt. No. 34). The parties negotiated a Protective Order, and filed a proposed Protective Order with the Court on May 1, 2017, with some disputed provisions. (Dkt. No. 55). The Court resolved the disputes during the May 11, 2017 Scheduling Conference, and the parties filed an updated version of the Protective Order on May 19, 2017. (Dkt. No. 66-1).

Meanwhile, on May 4, 2017, Stragent served its Infringement Contentions ("ICs") on Defendants, as required by Local Patent Rule 3-1. In its ICs, Stragent for the first time accused Defendants of infringing claims 1-20 of the '705 patent, claims 1-59 of the '843 patent, and claims 1-42 of U.S. Patent No. 9,575,817 ("the '817 patent")—an attempt to expand the scope of

this case from seven claims of two patents to 121 claims of three patents.  (Dkt. No. 57).[1]
Exhibits 1-3 of Stragent's ICs are each currently designated as "CONFIDENTIAL."  (Dkt. No. 71, Ex. 5).

Paragraph 6 of the proposed Protective Order provides that "[a] Party shall designate documents, information or material as 'CONFIDENTIAL' only upon a good faith belief that the documents, information or material **contains confidential or proprietary information or trade secrets** of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material."  (Dkt. No. 66-1 ¶ 6) (emphasis added).  Paragraph 18 of the proposed Protective Order dictates that "[a] Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.  If the designating Party does not agree to re-designation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief."  (Dkt. No. 66-1 ¶ 18).

On May 16, 2017, Defendants wrote Stragent, formally requesting the modification or removal of the "CONFIDENTIAL" designation from the claim chart exhibits of Stragent's ICs. (Ex. 1).  The parties held a telephonic meet-and-confer on May 25, 2017, during which Stragent refused to de-designate the claim charts from the ICs.  Stragent acknowledged that the information in those claim charts—*i.e.*, the listing of the asserted claims and references to publicly-available AUTOSAR standards that allegedly infringe those claims—contains no third-party confidential information.  However, Stragent refused de-designation of the claim charts on ground that the charts were "prepared in confidence."  Counsel for each Defendant has

---

[1] Defendants are concurrently moving to strike the ICs on this and other grounds. [Dkt. No. 69]. For the convenience of the Court and to avoid submitting two copies of the lengthy Infringement Contention claim charts and two motions to seal, Defendants refer the Court to Dkt. No 71, to which the claim charts for the ICs are attached as Exhibit 5.

independently confirmed that Stragent's ICs are substantively identical as to each Defendant. Stragent's improper designation of the claim chart exhibits of the ICs as "CONFIDENTIAL" hinders Defendants' review and ability to respond to Stragent's allegations, and to explain the basis of Stragent's allegations to interested parties, such as those who supply Defendants with the accused instrumentalities. See *Constellation, LLC v. Avis Budget Group, Inc.*, 2007 WL 7658921 at *1 (E.D. Tex. 2007). It also effectively blocks Defendants from using the ICs in challenging the claims before the Patent and Trademark Office, which "denies the PTO valuable information." *Id*.

## I.     Plaintiff's Designation of IC Exhibits 1-3 as "CONFIDENTIAL" is Improper

As noted, Paragraph 6 of the proposed Protective Order provides that "CONFIDENTIAL" material is only that which "**contains confidential or proprietary information or trade secrets** of the **Party** or a **Third Party** to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material."  (Dkt. No. 66-1 ¶ 6) (emphasis added).  Paragraph 1 similarly states that "[e]ach Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that **constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets** of the **Party** or a **Third Party** to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ('Protected Material')."  (Dkt. No. 66-1 ¶ 1) (emphasis added).

Defendants have identified no information in Plaintiff's ICs that has been designated Confidential by the Defendants or any third party. (See Ex. 1, 2, and 3).  The claim chart exhibits to the ICs contain nothing more than publicly available information—the text of the publicly-available patent claims mapped to the publicly-available AUTOSAR standard.  *See*

https://www.autosar.org/standards/classic-platform/. Indeed, Stragent admitted that its charts contained no third-party confidential information during the meet-and-confer process. This is further confirmed in the document itself, where Stragent states that it "cannot yet identify each electronic control unit (or other product, device and apparatus) by name or model number or the method of communication implemented by such control unit, because such information is **not publically available**." Ex. 1, at 2 (emphasis added). Thus, it is implicit that Stragent relies only on public information. The only remaining possible ground for asserting confidentiality under the proposed Protective Order is that the Exhibits to the ICs somehow contain Stragent's confidential information. This ground also fails.

Stragent's infringement theories present in the Exhibits to the ICs were **already disclosed to the Defendants and to the public** in Plaintiff's first amended complaint (Dkt. No. 34). *Compare*, *e.g.*, Dkt No. 34 ¶17(b) (citing and quoting AUTOSAR Document ID 067: AUTOSAR Technical Overview and AUTOSAR 4.2.2 - Requirements on AUTOSAR Features) *to* Dkt. No. 71, Ex. 5a at pp 3-13 of 240, (citing and quoting same AUTOSAR documents). There simply is no "confidential or proprietary information or trade secrets" in the ICs for Stragent to protect under the proposed Protective Order.[2]

Moreover, and even if Stragent's infringement theories had not already been made public, numerous decisions in this and other districts hold that infringement theories are not confidential unless they cite to protected technical information. *See*, *e.g.*, *Fractus, SA. v. Samsung Electronics Co., Ltd.*, Case No. 6:09-cv-203 (E.D. Tex. June 7, 2010) ("Plaintiff's analysis of the accused products is merely a legal infringement position and not confidential. … A party's

---

[2] Although additional claims and additional citations to the AUTOSAR standard are included in the ICs, additional citations to the public documents cannot make confidential what was already publicly disclosed.

contentions may include protected information and thus be appropriately designated confidential, but such information is not included here. Accordingly, Plaintiff's infringement contentions are not entitled to the confidential designation."); *Elm 3DS Innovations, LLC v. Samsung Electronics Co.*, C.A. No. 14-1430-LPS-CJB (D. Del. Feb. 11, 2016) ("[T]he Court disagrees with Plaintiff's argument that its infringement theories constitute 'other non-public sensitive information' entitled to protection from third-party and public disclosure even in the midst of a patent infringement lawsuit Plaintiff chose to file.")  Thus, even if Plaintiff's infringement theories might have been confidential prior to filing suit and serving the complaints and ICs upon Defendants, "[o]nce disclosed to the opposing party, such 'legal strategy' is not inherently worthy of the 'Confidential' designation." *Constellation*, 2007 WL 7658921 at *2 (E.D. Tex. 2007); *Bright House Networks, LLC v. Mobile Telecommunications Technologies, LLC*, C.A. No. 16-277-LPS-CJB, Oral Order (D. Del. Mar. 30, 2017) ("the contentions (which do not contain non-public information of movants or third parties as to the accused products at issue) have not been shown to be, in the Court's view, materials that fall under the definition of 'Protected Material' under the meaning of the Protective Order in these cases [] in that the nature of MTel's infringement allegations in a publicly filed suit cannot be said to amount to material that is 'maintain[ed] in confidence in the ordinary course of business'.").

Where, as here, infringement contentions contain information only from publicly-available sources, that information and the "claim charts identifying which aspects of those [sources] [plaintiff] alleges to correspond to various claim elements, do not contain any information about [plaintiff] that would give its competitors a business advantage." *Constellation*, 2007 WL 7658921 at *3.  In fact, redesignating the claim charts of Stragent's ICs as non-confidential would serve the public interest:  "If the infringement contentions are de-

designated, the public can better ascertain what [Stragent] believes is the scope of its patent, allowing the public to avoid infringing activity and/or acquire a license." *Id*. This is especially true here as Stragent has accused Defendants of indirectly infringing by inducing direct infringement on the part of Defendants' customers, and Stragent claims a public standard necessarily practices its patents. If the documents are maintained as confidential, Defendants customers cannot obtain the basis of their alleged infringement. *Id*.

Thus, Stragent's designation of the claim charts to its ICs as "CONFIDENTIAL" is improper. As the party designating the information as confidential, the burden is on Stragent "to show that its classification is proper." (Dkt. No. 66-1 ¶ 18). Stragent cannot do so, and Defendants respectfully request that the Court order the redesignation of those claim charts.

## II.     Sanctions and Attorneys' Fees and Costs Should Be Awarded To Defendants Under Rule 37

Federal Rule of Civil Procedure 37(a)(5)(A) provides that if a motion to compel is granted, the court "must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Rule 37 further provides that the court must not order payment if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action … the opposing party's nondisclosure, response, or objection was substantially justified[,] or other circumstances make an award of expenses unjust." *See also* Dkt. No. 66-1 ¶ 18 (a Party may apply to the Court for relief from an improper designation of DESIGNATED MATERIAL and such application is subject to Federal Rules of Civil Procedure 37's provisions relating to sanctions).

Here, Defendants attempted in good faith to obtain de-designation pursuant to the proposed Protective Order before seeking Court action. The information within Stragent's IC claim charts clearly falls outside of the scope of what constitutes "CONFIDENTIAL" information within the plain language of the proposed Protection Order and the relevant case law. Thus, Plaintiff's refusal to de-designate is not "substantially justified." To the extent this Court grants Defendants' motion to compel, Defendants accordingly request sanctions and attorneys' fees and costs pursuant to Rule 37 as the proper remedy.

## CONCLUSION

As the claim charts to Stragent's ICs contain nothing more than publicly-available information, Stragent has no basis to designate the materials as "CONFIDENTIAL." Thus, the Court should grant Defendants' motion to compel Stragent to remove the "CONFIDENTIAL" designations from those exhibits, and award Defendants sanctions and attorney's fees and costs incurred in efforts to de-designate the material, including in preparing this motion and any corresponding motions to file the ICs under seal.

Dated: May 26, 2017

*/s/ Lionel M. Lavenue*
Lionel M. Lavenue
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
Phone: (571) 203-2700
Fax:    (202) 408-4400

ATTORNEY FOR DEFENDANTS
BMW OF NORTH AMERICA, LLC, AND
BMW MANUFACTURING CO., LLC

        */s/ Jeffrey S. Gerchick*
        Jeffrey S. Gerchick
        QUINN EMANUEL URQUHART &
        SULLIVAN LLP
        777 6th St. NW, 11th Floor
        Washington, DC 20001
        Phone: (202) 538-8000
        Fax:   (202) 538-8100
        jeffgerchick@quinnemanuel.com

        ATTORNEY FOR DEFENDANTS
        MERCEDES-BENZ USA, LLC,
        MERCEDES-BENZ U.S.
        INTERNATIONAL, INC., AND
        DAIMLER NORTH AMERICA
        CORPORATION

        */s/ Trey Yarbrough*
        Trey Yarbrough
        Bar No. 22133500
        Yarbrough Wilcox, PLLC
        100 E. Ferguson St., Ste. 1015
        Tyler, TX 75702
        (903) 595-3111
        Fax: (903) 595-0191
        trey@yw-lawfirm.com

        ATTORNEY FOR DEFENDANTS
        VOLVO CARS OF NORTH AMERICA,
        LLC

## **CERTIFICATE OF CONFERENCE**

The parties complied with Local Rule CV-7(h).  In addition to exchanging correspondence regarding Stragent's good faith basis for its designations as CONFIDENTIAL certain materials in its Infringement Contentions, counsel for Defendants and Stragent and met and conferred by telephone on May 25, 2017.  The telephone conference was attended by George Pazuniak, Thomas Meagher, Lionel Lavenue, R. Benjamin Cassady, Saba Daneshvar, David Pollock, Mark Vogelbacker, Dallas Tharpe, Brett Watkins, and James Mark Mann.  Although discussions were conducted in good faith, no agreement was reached, and Stragent opposes this motion.  Thus, the issue remains open for the Court to resolve.

/s/ *Lionel M. Lavenue*

Lionel M. Lavenue
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
Phone:  (571) 203-2700
Fax:     (202) 408-4400

ATTORNEY FOR DEFENDANTS
BMW OF NORTH AMERICA, LLC, AND
BMW MANUFACTURING CO., LLC

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing ("NEF") to counsel of record who have appeared in this case on behalf of the identified parties:

>*/s/ Lionel M. Lavenue*
>Lionel M. Lavenue
>FINNEGAN, HENDERSON, FARABOW,
>  GARRETT & DUNNER, LLP
>Two Freedom Square
>11955 Freedom Drive
>Reston, VA 20190
>Phone:  (571) 203-2700
>Fax:     (202) 408-4400
>
>*Attorney For Defendants BMW of North America, LLC, and BMW Manufacturing Co., LLC*