**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **STRAGENT, LLC,**<br><br>**Plaintiff,**<br>          **v.**<br><br>**BMW OF NORTH AMERICA, LLC, and BMW MANUFACTURING CO., LLC,**<br><br>**Defendants.** | **Civil Action No. 6:16-cv-00446-RWS-KNM** |
| **STRAGENT, LLC,**<br><br>**Plaintiff,**<br>          **v.**<br><br>**MERCEDES-BENZ USA, LLC, MERCEDES-BENZ U.S. INTERNATIONAL, INC., and DAIMLER NORTH AMERICA CORPORATION,**<br><br>**Defendants.** | **Civil Action No. 6:16-cv-00447-RWS-KNM** |
| **STRAGENT, LLC,**<br><br>**Plaintiff,**<br>          **v.**<br><br>**VOLVO CARS OF NORTH  AMERICA, LLC,**<br><br>**Defendant.** | **Civil Action No. 6:16-cv-00448-RWS-KNM** |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO  DEFENDANTS' MOTION TO
COMPEL PLAINTIFF TO REMOVE THE "CONFIDENTIAL" DESIGNATION
FROM THE EXHIBITS OF THE DISCLOSURE OF ASSERTED CLAIMS AND
INFRINGEMENT CONTENTION DOCUMENTS**

## TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................................... 1

II.     BACKGROUND ............................................................................................................. 2

III.    LEGAL STANDARDS ................................................................................................... 3

IV.    ARGUMENT .................................................................................................................. 3

        A.     Stragent's Designation Of IC Exhibits 1-3 As "CONFIDENTIAL" Is Proper Because The Exhibits Contain Stragent's Confidential Information.................................. 3

    1.    Defendants Misstate the Protective Order .................................................................. 3

    2.    Infringement Contentions are Confidential ................................................................ 4

    3.    It is Irrelevant that Some Parts of the Infringement Contentions are Public ............... 4

    4.    Defendants' Case Citations are Unsupported and Misrepresented ............................ 5

    5.    Desire to Disclose to the PTO is not a Basis for Denying Confidential Status ........... 7

        B.     Even if Defendants' Motion is Granted, Fees and Costs are Unjustified ................ 7

V.     CONCLUSION............................................................................................................... 8

## TABLE OF AUTHORITIES

**Cases**

*Bright House Networks, LLC v. Mobile Telecommunications Technologies, LLC*, C.A. No. 16-277-LPS-CJB, Oral Order (D. Del. Mar. 30, 2017)............................................................. 5, 6

*Constellation, LLC v. Avis Budget Group, Inc.*, 2007 WL 7658921 (E.D. Tex. 2007)............. 6, 7

*Elm 3DS Innovations, LLC v. Samsung Electronics Co.*, C.A. No. 14-1430-LPS-CJB, Oral Order (D. Del. Feb. 11, 2016) ......................................................................................... 5, 6

*ExitExchange Corp. v. Casale Media Inc.*, No. 2:10-CV-297, 2012 WL 996960 (E.D. Tex. Mar. 23, 2012) ...................................................................................................... 3, 4

*Fractus, SA. v. Samsung Electronics Co., Ltd.*, Case No. 6:09-cv-203 (E.D. Tex. June 7, 2010) ....................................................................................................................... 5, 6

**Rules**

FED.R.CIV.P. 37(a)(5) ................................................................................................. 8

## I.        INTRODUCTION

Plaintiff Stragent LLC ("Plaintiff") opposes Defendants'[1] Motion to Compel Plaintiff to Remove the "Confidential" Designation from the Exhibits of the Disclosure of Asserted Claims and Infringement Contention Documents.  (Dkt. 72).

Stragent's Infringement Contentions ("ICs") are confidential.  The infringement contentions are not public and contain non-public information.  The ICs were developed by Stragent in confidence at the cost of significant investment of time and effort, and include information which Stragent would not normally reveal to a third party or the public.  Further, the ICs contain information which can be used detrimentally to Stragent, such as by Defendants publishing the information generally, which would reveal Stragent's internal strategies and analyses.

Defendants erroneously argue that a party can mark as "Confidential" only documents that are produced confidentially by the opposing party or a third-party.  In fact, the Protective Order allows a party to designate as "Confidential" documents created by the producing party. Defendants have simply not explained, and cannot explain, why Infringement Contentions are any different than any answer to an interrogatory or any document produced in litigation, at least where the document itself is not already in the public domain.

That the IC's were developed and created based on public documents is irrelevant, because that is not a consideration under the "Protective Order."  Nothing in the Protective Order or the law precludes otherwise non-public information to be deemed non-confidential merely

---

[1] The "Defendants" include (1) BMW of North America, LLC and BMW Manufacturing Co., LLC (collectively "BMW"), (2) Daimler North America Corporation, Mercedes-Benz U.S. International, Inc., and Mercedes-Benz USA, LLC (collectively "Mercedes"), and (3) Volvo Cars of North America, LLC ("VCNA").

because the creator of the document had used public information.  Again,, if that were the case, very few, if any, documents could be deemed "Confidential."

Defendants' demand for attorney fees and costs is itself sanctionable, because Defendants' demand cannot be supported by any precedent or law. .

## II.     BACKGROUND

Plaintiff Stragent filed its First Amended Complaints against the Defendants on Mar. 17, 2017, accusing Defendants of infringing at least claims 1-6 of U.S. Patent No. 8,209,705 ("the '705 patent") and at least claim 51 of U.S. Patent No. 8,566,843 ("the '843 patent"). The cases were consolidated by Order of the Court on May 15, 2017.[2]

In compliance with Patent Rule 3-1, Plaintiff served on Defendants its Preliminary Infringement Contentions on May 4, 2017.  These ICs detailed alleged infringements of all claims of the '705 and '843 Patents, as well as alleged infringements of all claims of the recently-issued and closely-related U.S. Patent 9,575,817 ("'817 Patent").

As supported by the Declaration of George Pazuniak, contemporaneously filed, the

4.  The Infringement Contentions are not in the public domain, and no part of the Infringement Contentions have ever been publically disclosed or have otherwise become public.

5.  Stragent devoted significant effort by many people, at significant expense of time, effort and money, to create the Infringement Contentions.  Stragent always intended to maintain the Infringement Contentions as confidential, and took reasonable efforts to maintain their secrecy.  For example, the Infringement Contentions were provided to Defendants under the "CONFIDENTIAL" designation.

6.  The Infringement Contentions provide a commercial benefit to Stragent, because they are used by Stragent in the defense of their patent rights.  It would be commercially prejudicial if the Infringement Contentions were published to the

---

[2] The Consolidation Order affected cases Civ. No. 6:16-CV-00446; Civ. No. 6:16-CV-00447; and Civ. No. 6:16-CV- 00448. Docket citations are to the Lead Case, Civ. No. 6:16-CV-00446, unless otherwise noted.

entire world.

7.  In accordance with the Protective Order, Stragent has "a good faith belief that the [Infringement Contentions] contains confidential or proprietary information or trade secrets of [Stragent]….." (Dkt. No. 66-1 ¶ 6).

8.  There is no distinction between the Infringement Contentions and most any other document produced in litigation and designated as "CONFIDENTIAL."

9.  Stragent has not attempted to restrict Defendants' ability to share the Infringement Contentions with such persons as Defendants may need to consult with respect to these litigations.  Stragent does, however, object to removing the "CONFIDENTIAL" designation, which would allow Defendants to publish the Infringement Contentions to the world.

## III.    LEGAL STANDARDS

The Court's Protective Order provides the governing standard for designating

information as confidential.  *See, e.g. ExitExchange Corp. v. Casale Media Inc.*, No. 2:10-CV-

297, 2012 WL 996960 at *1 (E.D. Tex. 2012).  The Protective Order states that:

> 6.  A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

(Dkt. 73, ¶6).  .

## IV.    ARGUMENT

### A.    Stragent's Designation Of IC Exhibits 1-3 As "CONFIDENTIAL" Is Proper Because The Exhibits Contain Stragent's Confidential Information

#### 1.  <u>Defendants Misstate the Protective Order</u>

Defendants erroneously allege that Stragent's designation of its Infringement Contentions

was "improper," because "Defendants have identified no information in Plaintiff's ICs that has

been designated Confidential by the Defendants or any third party."  (Dkt. 72 at 4).  But,

Defendants misstate the Protective Order.  The Protective Order actually provides that:

> 1. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets **of the Party**….

(Dkt. 73 at ¶ 1) (emphasis supplied).

The Protective Order states that a Party's own documents may be produced with the "Confidential" designation. Nothing in the Order supports Defendants' contention that Stragent may only designate as "Confidential" documents produced by Defendants or by a Third-Party.

## 2. **Infringement Contentions are Confidential**

The Infringement Contentions meet every word of the Protective Order's definition of a "Confidential," because they include the confidential information of Stragent. The confidential status of the Infringement Contentions is supported by the Declaration of George Pazuniak. The Infringement Contentions are not public, and were developed at significant expense by Stragent. *See ExitExchange Corp.* at *1.

Defendants have not explained how the Infringement Contentions differ at all from any other non-public documents produced by a party and which would be deemed "Confidential" under the Protective Order.

## 3. **It is Irrelevant that Some Parts of the Infringement Contentions are Public**

Defendants argue that the Infringement Contentions are based on public information, and that "Stragent's infringement theories present in the Exhibits to the ICs were already disclosed to the Defendants and to the public in Plaintiff's first amended complaint." (Dkt. 72 at 5). Those are not elements of the traditional definition of "confidential," and are not considerations under the Protective Order. The fact that the AUTOSAR specifications and the patents in suit are public documents in no way leads to a conclusion that their relationship to each other, as set forth in Stragent's preliminary infringement analysis, is public information and therefore generally

4

known.  A significant percentage of any documents produced in litigation are based on public

information.  Further that some aspects or portions of the Infringement Contentions had to be

disclosed in a public pleading does not mean that the entire body of the Infringement

Contentions automatically becomes public.  For example, most, if not all, marketing and

financial documents, and most emails are designated as "confidential" in litigation, even though

they contain matter that is public and are based on information that may be independently

compiled from the public domain.  Again, it is unheard of that any document produced as

confidential in a litigation becomes non-confidential simply because some part of the document

is in the public domain.

### 4.  <u>Defendants' Case Citations are Unsupported and Misrepresented</u>

The cases cited in support by Defendants should not be considered, and, in any event, are

easily distinguishable, and are not a basis for denying Stragent the right to apply "Confidential"

to their confidential documents.

Defendants' citation to the oral orders in *Fractus, SA. v. Samsung Electronics Co., Ltd.*,

Case No. 6:09-cv-203 (E.D. Tex. June 7, 2010); *Elm 3DS Innovations, LLC v. Samsung*

*Electronics Co.*, C.A. No. 14-1430-LPS-CJB (D. Del. Feb. 11, 2016); and *Bright House*

*Networks, LLC v. Mobile Telecommunications Technologies, LLC*, C.A. No. 16-277-LPS-CJB,

Oral Order (D. Del. Mar. 30, 2017) should not be considered, because Defendants have not

attached the oral orders, and have failed to properly provide the context and background of the

cases so that the decision are applicable here.  An excerpt from an oral order, without the context

of the issues in the case, is not useful.  The latter two cases should additionally be disregarded,

because they are from another jurisdiction.

To the extent that the Court does consider the oral orders, Stragent notes that the oral orders appear entirely distinguishable. For example, in *Fractus*, in contrast to the instant case, the documents or information were *expressly excluded* from coverage by the protective order. *Fractus* at 2 ("'Protected Information shall not include . . . information that has been discerned through legal examination of the accused product itself without the use of defendants' Protected, Confidential, or Highly Confidential - Attorneys' Eyes Only Information.' This clause encompasses the information Plaintiff seeks to protect.").

Defendants' citation to *Elm 3DS Innovations* is equally indefensible, because, as best Stragent can determine, the Court in this case was not construing a Protective Order, and it is not clear what facts and law were considered determinative by the Court.

*Bright House Networks* is easily distinguishable, because the case involved a specific definition, and the materials fell outside the *express definition* of "protected material" contained in the protective order, in that they did not contain information "maintain[ed] in confidence in the ordinary course of business." *Bright House Networks* Oral Order (D. Del. Mar. 30, 2017).

Finally, *Constellation, LLC v. Avis Budget Group, Inc.*, 2007 WL 7658921 at *2 (E.D. Tex. 2007), involves a ruling by a Magistrate Judge in 2007, which does not appear to have ever been affirmed or cited. The case is distinguishable, because the decision appears to involve the specific language of a specific Protective Order. Further, unlike here, the decision does not indicate that the plaintiff had filed any declaration affirming the confidentiality of the ICs and explaining why they are as confidential as any other documents or answers to interrogatories served in litigation. *Constellation* at 2.

Thus, all the purported authorities cited by Defendants are inapposite, and none support Defendants' contention that Stragent is precluded from designating confidential documents as "Confidential."

### 5.  **Desire to Disclose to the PTO is not a Basis for Denying Confidential Status**

Defendants argue that the "Confidential" designation "also effectively blocks Defendants from using the ICs in challenging the claims before the Patent and Trademark Office, which "denies the PTO valuable information."  (Dkt. 72 at 4).  Again, Defendants cite no authority for the proposition that confidential documents lose their confidential and protected status merely because the adverse party wishes to publish the documents to the PTO to benefit the adverse party.  If the otherwise confidential documents could lose their status merely because the adverse party wishes to disclose those confidential documents to a government body, then that would open the floodgates whereby it would be impossible to sustain the confidentiality of any document.

### B.  **Even if Defendants' Motion is Granted, Fees and Costs are Unjustified**

Defendants request an award of attorney fees and costs.  Defendants have not cited any authority in support of their demand, and there is none.  Stragent's Infringement Contentions fall clearly within "what constitutes "CONFIDENTIAL" information within the plain language of the proposed Protection Order." (Dkt. 73 at ¶ 1).

Discovery conduct is "substantially justified if it is a response to a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." *Ziptronix, Inc*, at *1 (N.D. Cal. Sept. 5, 2014).  Accordingly, under Rule 37(a)(5),  the Court must not order a payment of fees and costs because Stragent's designation was "substantially justified". FED.R.CIV.P. 37(a)(5).

## V.      CONCLUSION

For at least the reasons detailed above, the Court should deny Defendants' Motion.


Dated:  June 12, 2017                    Respectfully submitted,

*Of Counsel:*                            */s/George Pazuniak*
Thomas F. Meagher                        Sean T. O'Kelly (DE No. 4349)
tmeagher@meagheremanuel.com              sokelly@oeblegal.com
Alan Christopher Pattillo                George Pazuniak DE (No. 478) (Admitted
cpattillo@meagheremanuel.com             *Pro Hac Vice*)
MEAGHER EMANUEL LAKS GOLDBERG & LIAO,    gp@del-iplaw.com
LLP                                      O'KELLY, ERNST & JOYCE, LLC
One Palmer Square, Suite 325             901 N. Market Street, Suite 1000
Princeton, NJ 08542                      Wilmington, Delaware  19801
(609) 454-3500                           (302) 478-4230

                                         Christopher M. Joe
                                         State Bar No. 00787770
                                         Chris.Joe@BJCIPLaw.com
                                         Michael D. Ricketts
                                         State Bar No. 24079208
                                         Mickey.Ricketts@BJCIPLaw.com
                                         BUETHER JOE & CARPENTER, LLC
                                         1700 Pacific Avenue
                                         Suite 4750
                                         Dallas, Texas 75201
                                         Telephone:      (214) 466-1272
                                         Facsimile:      (214) 635-1828

                                         *Attorneys for Plaintiff Stragent, LLC*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that all counsel of record who are deemed to have

consented to electronic service are being served with a copy of this document via the Court's

CM/ECF system per Local Rule CV-5(a) on this 12th day of June, 2017. Any other counsel of

record will be served by facsimile transmission and first class mail.

<u>/s/George Pazuniak</u>
George Pazuniak DE (No. 478) (Admitted *Pro Hac Vice*)

9

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF TEXAS

# TYLER DIVISION

| | |
|---|---|
| **STRAGENT, LLC,**<br><br>**Plaintiff,**<br>v.<br><br>**BMW OF NORTH AMERICA, LLC, and BMW MANUFACTURING CO., LLC,**<br><br>**Defendants.** | **Civil Action No. 6:16-cv-00446-RWS-KNM** |
| **STRAGENT, LLC,**<br><br>**Plaintiff,**<br>v.<br>**MERCEDES-BENZ USA, LLC, MERCEDES-BENZ U.S. INTERNATIONAL, INC., and DAIMLER NORTH AMERICA CORPORATION,**<br><br>**Defendants.** | **Civil Action No. 6:16-cv-00447-RWS-KNM** |
| **STRAGENT, LLC,**<br><br>**Plaintiff,**<br>v.<br>**VOLVO CARS OF NORTH  AMERICA, LLC,**<br><br>**Defendant.** | **Civil Action No. 6:16-cv-00448-RWS-KNM** |

**ORDER DENYING DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO REMOVE
THE "CONFIDENTIAL" DESIGNATION FROM THE EXHIBITS OF THE
DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTION
DOCUMENTS**

Before the court is Defendants BMW of North America, LLC et al.'s **Motion to Compel
Plaintiff to Remove the "Confidential" Designation from the Exhibits of the Disclosure of
Asserted Claims and Infringement Contention Documents**, urging this Court for an order
compelling Plaintiff, Stragent, LLC to remove the "CONFIDENTIAL" designations from the
three claim chart exhibits accompanying its Local Patent Rule 3-1 and 3-2 Disclosure of
Asserted Claims and Infringement Contentions.  After careful consideration of the parties'
arguments and their written submissions, the Court concludes that the Motion to Compel is
**DENIED**.


ORDERED, ADJUDGED, AND DECREED that the Motion to Stay is **DENIED**.