**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **STRAGENT, LLC,**<br><br>**Plaintiff,**<br>**v.**<br><br>**BMW OF NORTH AMERICA, LLC, and BMW MANUFACTURING CO., LLC,**<br><br>**Defendants.** | **Civil Action No. 6:16-cv-00446-RWS-KNM** |
| **STRAGENT, LLC,**<br><br>**Plaintiff,**<br>**v.**<br><br>**MERCEDES-BENZ USA, LLC, MERCEDES-BENZ U.S. INTERNATIONAL, INC., and DAIMLER NORTH AMERICA CORPORATION,**<br><br>**Defendants.** | **Civil Action No. 6:16-cv-00447-RWS-KNM** |
| **STRAGENT, LLC,**<br><br>**Plaintiff,**<br>**v.**<br><br>**VOLVO CARS OF NORTH AMERICA, LLC,**<br><br>**Defendant.** | **Civil Action No. 6:16-cv-00448-RWS-KNM** |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' EMERGENCY MOTION TO STAY PENDING RESOLUTION OF DEFENDANTS' MOTIONS TO DISMISS FOR IMPROPER VENUE AND MOTION TO STRIKE INFRINGEMENT CONTENTIONS**

In their Reply to Stragent's Opposition to Defendants' Motion to Stay, Defendants continue to ask the Court to stay this case before a decision is rendered on transfer in light of the recent Supreme Court ruling in *TC Heartland*. Absent such a decision, Stragent maintains that this case should proceed.

## I. This Case Should Be Transferred, Not Dismissed

Defendants now argue that the Court should dismiss this case, rather than transfer. The venue statute provides that, upon filing in the wrong venue, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Contrary to Defendants' unsupported new argument that the dismissal is mandatory while transfer is optional, both alternatives are mandatory. A court is required to transfer if that is "in the interest of justice." Moreover, established law is that "Transfer is generally preferable to dismissal." *Santander Consumer USA, Inc. v. Union Pontiac-GMC, Inc*., 2017 WL 236204 at *5 (N.D. Tex. 2017). "The decision to transfer is often made to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Autoflex Leasing-Dallas I, LLC v. Autoflex LLC*, 2017 WL 713667 at *6 (N.D. Tex. 2017).

Defendants have already moved, pursuant to 28 U.S.C. § 1404, to transfer these cases to the District of New Jersey, and have not adequately explained why justice would now be better served by dismissing these cases rather than transferring them to, at least, the District of New Jersey. Alternately, all but one of the Defendants in the cases reside in Delaware, and, thus, the cases can be transferred to the District of Delaware. Given that Plaintiff filed this action in a venue that was a proper under the then-existing law, and the venue became improper only upon change in the law, there is no justification for dismissing the cases, rather than transferring them.

Defendants now argue that transfer is not in the interest of justice based on spurious grounds. Thus Defendants argue that "Stragent failed to take any action (apart from responding to Defendants' motions) until after the Court *sua sponte* set a scheduling conference in March 2017." The key words in Defendants' argument are – "responding to Defendants' motions." Defendants filed a plethora of motions, and it is not contrary to justice for Plaintiff to allow the Court to resolve the pending motions before introducing new issues. Similarly, a plaintiff's decision to drop some defendants, as Plaintiff did here, has never been viewed as an action inconsistent with justice. Plaintiff filed an entirely appropriate First Amended Complaint that identified at least one claim from every patent in suit, and then, in accordance with established practice, served proper Infringement Contentions as to all claims deemed infringed. Defendants' frivolous contentions as to those Infringement Contentions are the subject matter of other motions filed by Defendants. Finally, Defendants assert that Plaintiff "never contacted Defendants to discuss settlement or otherwise advance the case." In fact, on May 16, 2017, Plaintiff submitted to Defendants the names of three established mediators, with request that Defendants choose any one of them, so that the parties could file a designation of a mediator, as contemplated by the DCO. Defendants never responded.

In short, Defendants have been doing everything possible to delay and forestall the cases, as evidenced by the present motion to stay. Defendants' present suggestion that the Court dismiss the cases, rather than transfer the cases, is just another tactical move, and one for which Defendants cannot cite any precedent or authority in support.

## II. Stragent's Infringement Contentions Did Not Fundamentally Alter the Scope of This Case

Defendants erroneously complain that "Stragent's infringement contentions constitute an untimely attempt to fundamentally alter the scope of this case through the addition of a new

patent (U.S. Patent No. 9,575,817)…." In fact, the new Patent is not yet in the case, because, in accordance with the Court's instructions at the Scheduling Conference, Plaintiff is only now filing a motion to amend the pleadings to add that Patent to the case.[1]

As to Defendants' complaint that Plaintiff produced Infringement Contentions as to 72 claims from the two original patents-in-suit, Defendants' own words are that those Infringement Contentions relate to the patents-in-suit. The number of Infringement Contentions underscores that Defendants have thoroughly appropriated the patented technology, and Defendants cite no authority as to why Plaintiff should be precluded from including all infringed claims, or why allegedly it is untimely or unfair for Plaintiff to identify all infringing claims.

The cases cited by Defendants at Dkt. 81 p. 3 are utterly irrelevant. Neither *Joao Bock Transaction Sys. of Texas, LLC v. AT&T, Inc*., 2010 WL 5343173 *3 (E.D.Tex. 2010), nor *i2 Tech., Inc. v. Oracle Corp*., 2010 WL 8669837 *3 (E.D.Tex. 2010) addressed infringement contentions. In both the *Joao Bock* and *i2 Tech.* cases, the Court gave leave for Plaintiff to amend its complaint, because Plaintiff, in each case, had "not identif[ied] any accused products or services," and fail[ed] to identify any asserted claims or any accused products or services and fail[ed] to identify a direct infringer in reference to Joao's indirect infringement claims." *Id*. None of these issues are applicable here, and Defendants have not even attempted to explain the applicability of the actual decisions of those two cases.

Plaintiff is only required to identify "at least one" claim in a complaint. Thereafter, nothing in the statutes or Rules limits the number of claims Plaintiff later asserts in the case any more than the statutes or Rules limit the number of invalidity assertions by Defendants, at least

[1] The motion to supplement the pleadings has not yet been filed, because, shortly after the Scheduling Conference, the Supreme Court decided the *Heartland* case. It has not been clear whether the motion to amend should be filed in this Court or in the Transferee Court, given that there may be some differences in the applicable law as between the Circuits.

absent a judicial "phase limit" or similar order. That Defendants devote so much effort to complaining about the number of claims included in Plaintiff's Infringement Contentions only demonstrates the bankruptcy of Defendants' motions.

**III. Stragent's Conduct of this Litigation Has Been Proper, and, in Any Event, Defendants' Contentions Do Not Support an Emergency Stay**

Akin to the old adage about the kid who kills his parents and then asks the judge for mercy because he's an orphan, Defendants complain about the progress of this case. In fact, progress has been slowed because of the plethora of motions filed by Defendants, and the lack of cooperation on matters such as appointing a mediator.

Additionally, Defendants again complain that Plaintiff stated its intention in early May 2017 to supplement its pleading to add another patent to the case, even though Defendants admit that Plaintiff could not have known that the claims would issue until January 2017 and the patent did not issue until February 2017. Three months between the issuance of a patent and submission of Infringement Contentions based on the new Patent is a relatively short time for bringing a new Patent into the case. In any event, no authority cited by Defendants or known to Plaintiffs provides a "litmus test" for the length of time to identify a new patent in suit. The only restriction is unfair prejudice to the defending party, and Defendants cannot posit any prejudice.

Stragent has met all filing deadlines in this case and filed a First Amended Complaint while contending with considerable Defendant-initiated motion practice, which has included motions to dismiss for failure to state a claim, transfer venue, stay pending IPR, dismiss for improper venue, and which culminated recently in the filing of three opposed motions in the space of five days. *See, e.g*. Dkt. 69, 72, 77. Two of the three Defendants in this case have also filed petitions with the Patent and Trademark Office for *inter partes* review of the patents in

suit.[2] Defendants' claims that Stragent has somehow delayed the progress of this case are preposterous.

## IV. Conclusion

Defendants have failed to meet their burden to justify a Stay in this case. Their proposal would not avoid prejudice to Stragent, and would complicate, rather than simplify, the resolution of the venue issues. For at least the reasons detailed above, the Court should deny Defendants' Motion to Stay.

[2] Mercedes filed Petitions for *Inter Partes* Review (IPR) of the '705 Patent and the '843 Patent on Dec. 9, 2016. IPR2017-00457; IPR2017-00458. BMW of North America, LLC filed Petitions for *Inter Partes* Review of the '705 Patent and the '843 Patent on Jan. 18, 2017. IPR2017-00676; IPR2017-00677.

Dated: June 13, 2017

Respectfully submitted,

/s/George Pazuniak
Sean T. O'Kelly (DE No. 4349)
sokelly@oeblegal.com
George Pazuniak DE (No. 478) (Admitted *Pro Hac Vice*)
gp@del-iplaw.com
O'KELLY, ERNST & JOYCE, LLC
901 N. Market Street, Suite 1000
Wilmington, Delaware 19801
(302) 478-4230

Christopher M. Joe
State Bar No. 00787770
Chris.Joe@BJCIPLaw.com
Michael D. Ricketts
State Bar No. 24079208
Mickey.Ricketts@BJCIPLaw.com
BUETHER JOE & CARPENTER, LLC
1700 Pacific Avenue
Suite 4750
Dallas, Texas 75201
Telephone: (214) 466-1272
Facsimile: (214) 635-1828

*Attorneys for Plaintiff Stragent, LLC*

*Of Counsel:*
Thomas F. Meagher
tmeagher@meagheremanuel.com
Alan Christopher Pattillo
cpattillo@meagheremanuel.com
MEAGHER EMANUEL LAKS GOLDBERG & LIAO, LLP
One Palmer Square, Suite 325
Princeton, NJ 08542
(609) 454-3500

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on this 13th day of June, 2017. Any other counsel of record will be served by facsimile transmission and first class mail.

***/s/George Pazuniak***
**George Pazuniak DE (No. 478) (Admitted *Pro Hac Vice*)**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| **STRAGENT, LLC,**<br><br>**Plaintiff,**<br>**v.**<br><br>**BMW OF NORTH AMERICA, LLC, and BMW MANUFACTURING CO., LLC,**<br><br>**Defendants.** | **Civil Action No. 6:16-cv-00446-RWS-KNM** |
| **STRAGENT, LLC,**<br><br>**Plaintiff,**<br>**v.**<br>**MERCEDES-BENZ USA, LLC, MERCEDES-BENZ U.S. INTERNATIONAL, INC., and DAIMLER NORTH AMERICA CORPORATION,**<br><br>**Defendants.** | **Civil Action No. 6:16-cv-00447-RWS-KNM** |
| **STRAGENT, LLC,**<br><br>**Plaintiff,**<br>**v.**<br>**VOLVO CARS OF NORTH AMERICA, LLC,**<br><br>**Defendant.** | **Civil Action No. 6:16-cv-00448-RWS-KNM** |

**ORDER DENYING DEFENDANTS' EMERGENCY MOTION TO STAY PENDING RESOLUTION OF DEFENDANTS' MOTIONS TO DISMISS FOR IMPROPER VENUE AND MOTION TO STRIKE INFRINGEMENT CONTENTIONS**

Before the court is Defendants BMW of North America, LLC et al.'s **Emergency Motion to Stay Pending Resolution of Defendants' Motions to Dismiss for Improper Venue and Motion to Strike Infringement Contentions**, urging this Court to stay this case. After careful consideration of the parties' arguments and their written submissions, the Court concludes that the Motion to Stay is **DENIED**.

ORDERED, ADJUDGED, AND DECREED that the Motion to Stay is **DENIED**.