# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| STRAGENT, LLC,<br><br>Plaintiff,<br>v.<br><br>BMW OF NORTH AMERICA, LLC, and BMW MANUFACTURING CO., LLC,<br><br>Defendants. | Civil Action No. 6:16-cv-00446-RWS-KNM |
| STRAGENT, LLC,<br><br>Plaintiff,<br>v.<br><br>MERCEDES-BENZ USA, LLC, MERCEDES-BENZ U.S. INTERNATIONAL, INC., and DAIMLER NORTH AMERICA CORPORATION,<br><br>Defendants. | Civil Action No. 6:16-cv-00447-RWS-KNM |
| STRAGENT, LLC,<br><br>Plaintiff,<br>v.<br><br>VOLVO CARS OF NORTH AMERICA, LLC,<br><br>Defendant. | Civil Action No. 6:16-cv-00448-RWS-KNM |

**PLAINTIFF'S SURREPLY IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO REMOVE THE "CONFIDENTIAL" DESIGNATION FROM THE EXHIBITS OF THE DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTION DOCUMENTS**

**I.     INTRODUCTION**

Plaintiff Stragent LLC ("Plaintiff") opposes Defendants' Motion to Compel Plaintiff to Remove the "Confidential" Designation from the Exhibits of the Disclosure of Asserted Claims and Infringement Contention Documents. (Dkt. 72). Stragent's assertion of confidentiality is proper because the Infringement Contention ("IC") exhibits contain Stragent' confidential information. Moreover, the large majority of the information contained in the Infringement Contention exhibits was not disclosed, contrary to Defendants' assertion, in the First Amended Complaint. Defendants' Motion should be denied.

**II.     ARGUMENT**

**A. Stragent's Designation of IC Exhibits 1-3 as "CONFIDENTIAL" is Proper Because the Exhibits Contain Stragent's Confidential Information**

Defendants' assertion that "[n]one of . . . Stragent's confidential, proprietary or trade secret information is in the claim charts" is simply mistaken. Dkt. 94 at 1. Their disparagement of Stragent's preliminary infringement analysis as "extremely limited or boilerplate commentary" is at odds with their expressed need to share it with their suppliers, and their desire to use it in proceedings at the USPTO adverse to Stragent. *Id.*; *see* Dkt. 72 at 4. Defendants' mistaken claim that the ICs "contain only publicly-available information" undercuts their argument for a need to remove the "Confidential" designation. Were their assertion true, Defendants would have little need to disclose the contents of the ICs to anyone.

Defendants repeat their reliance on *Fractus* without acknowledging that the documents and information in that case were *expressly excluded* from coverage by the protective order being construed, in contrast to the situation here. *Fractus SA v. Samsung Electronics Co., Ltd.*, No. 09-203 (E.D. Tex. June 7, 2010); *see* Dkt. 84 at 6; Dkt. 72 at 5-6. Their addition of *Acer Am. Corp.* illustrates mainly that the express language of the protective order must control the

1

designation of confidentiality within a given case. *Acer Am. Corp. v. Tech. Properties*, 2009 WL 1363551, at *1 (N.D. Cal. May 14, 2009) (modifying a protective order to permit disclosure of infringement contentions to third party suppliers and vendors). Defendants' citation to *Traffic Information, LLC* is less helpful still – the decision to unseal documents in that case was based largely on the fact that the motion to unseal was unopposed. *Traffic Information, LLC v. Farmers Group, Inc., et al.*, No. 14-713 (E.D. Tex. May 13, 2016).

**B. The large majority of the contents of Stragent's ICs were not previously disclosed by the filing of the First Amended Complaint.**

Defendants repeat their argument that Stragent's infringement theories were disclosed in the First Amended Complaint ("FAC"), then contradict themselves: "The FAC and the ICs are, of course, not identical—the FAC includes portions of the publicly-available AUTOSAR standard and two claims of the publicly-available patents, while the ICs include additional citations to AUTOSAR and all of the patents' claims." Dkt. 94 at 2. This admission is an understatement, to say the least–to the extent any of Stragent's infringement analysis was disclosed in the FAC, it was with respect to only two claims out of a total of 121. The vast majority of the content in the IC charts has not been publicly disclosed. Stragent is hardly "withholding information it has already made public." Dkt. 94 at 3. Defendants' citation to *Alexsam* is unavailing as it is unrelated to a protective order or infringement contentions; in that case, a plaintiff sought to have portions of the court's Report and Recommendation opinion redacted. *Alexsam, Inc. v. MasterCard Int'l, Inc.*, No. 15-2799 (E.D.N.Y. Mar. 13, 2017)

**C. Stragent's IC Exhibits contain confidential information according to the language of the Protective Order.**

Defendants' misstatement of the Protective Order and repeated reliance on *Fractus* suggest they prefer the protective order in that case to the one they have here. Dkt. 94 at 1-2, 3; Dkt. 72 at 5-6. The reason is the distinction between what the order in *Fractus* excluded and

what the Protective Order in this case states. The parties in *Fractus* agreed to a protective order which specified that "Protected Information shall not include . . . information that has been discerned through legal examination of the accused product itself without the use of defendants'" confidential information. *Fractus* at 2. The Protective Order in this case states only that a Party "may designate as confidential . . . information or material that constitutes or includes, in whole **or in part**, confidential or proprietary **information . . . of the Party**." Dkt. 73, ¶1 (emphasis added). Stragent's designation of the IC exhibits as confidential is not improper under this language. Defendants' reliance on *Propath* is inapt because, as argued above, the vast majority of the contents of the IC exhibits have never been publicly disclosed. *Propath Servs., L.L.P. v. Ameripath, Inc.*, 2004 WL 2389214, at *8 (N.D. Tex. Oct. 21, 2004) (holding that "'Confidential Information' does not include information that [Plaintiff] shares, or has shared, or uses, or has used, in public fora"). Finally, Stragent's assertion of potential prejudice from disclosure of the IC exhibits is neither "vague" nor "conclusory". *See* Dkt. 94 at 3 n.2. Stragent has specifically identified Defendants' desire to disclose the IC exhibits in proceedings adverse to Stragent at the USPTO as potentially prejudicial. *See, e.g*. Dkt. 84 at 7. Stragent's designation of the IC exhibits as confidential is proper.

### D. Stragent has sufficiently distinguished Defendants' cited authorities.

Defendants again cite *Constellation*, *Elm 3DS*, and *Brighthouse* in a repeated attempt to import limitations from the protective orders in those cases into these proceedings. Dkt. 94 at 4-5; *Constellation, LLC v. Avis Budget Group, Inc.*, 2007 WL 7658921 at *2 (E.D. Tex. 2007); *Elm 3DS Innovations, LLC v. Samsung Electronics Co.*, C.A. No. 14-1430-LPS-CJB (D. Del. Feb. 11, 2016); *Bright House Networks, LLC v. Mobile Telecommunications Technologies, LLC*, C.A. No. 16-277-LPS-CJB, Oral Order (D. Del. Mar. 30, 2017). Stragent has already distinguished those cases and argued their inapplicability here, particularly in view of the fact

3

that the bulk of Stragent's analysis in the IC exhibits has not been publicly disclosed. *See* Dkt. 84 at 6; *see, e.g. Brighthouse* (finding contentions which did not contain non-public information to be improperly designated confidential).

### E. Rule 37 sanctions are inappropriate.

Defendants' final citation to *Gilead Sciences* in support of their request for attorneys' fees and costs is self-contradictory, because Stragent has demonstrated throughout its Response and Surreply briefing that its designation of the IC exhibits as confidential is based on a good-faith reading of the Protective Order. *Gilead Sciences, Inc. v. Sigmapharm Labs*., 584 Fed. Appx. 929 (Fed. Cir. 2014) ("marking legal arguments as confidential is subject to sanction because no good faith reading of [the Court's rule] could support a party's marking of its legal arguments as confidential"). In the event the Court should require modification of the Protective Order or de-designation of the IC exhibits, no Rule 37 sanction would be appropriate.

## III. CONCLUSION

For at least the reasons detailed above and in Stragent's Response, the Court should deny Defendants' Motion.

Dated: June 29, 2017 Respectfully submitted,

| | |
|---|---|
| *Of Counsel:* | */s/George Pazuniak* |
| Thomas F. Meagher | Sean T. O'Kelly (DE No. 4349) |
| tmeagher@meagheremanuel.com | sokelly@oeblegal.com |
| Alan Christopher Pattillo | George Pazuniak DE (No. 478) (Admitted |
| cpattillo@meagheremanuel.com | *Pro Hac Vice*) |
| MEAGHER EMANUEL LAKS GOLDBERG & LIAO, LLP | gp@del-iplaw.com |
| | O'KELLY, ERNST & JOYCE, LLC |
| One Palmer Square, Suite 325 | 901 N. Market Street, Suite 1000 |
| Princeton, NJ 08542 | Wilmington, Delaware 19801 |
| (609) 454-3500 | (302) 478-4230 |

Christopher M. Joe
State Bar No. 00787770
Chris.Joe@BJCIPLaw.com
Michael D. Ricketts
State Bar No. 24079208
Mickey.Ricketts@BJCIPLaw.com
BUETHER JOE & CARPENTER, LLC
1700 Pacific Avenue
Suite 4750
Dallas, Texas 75201
Telephone: (214) 466-1272
Facsimile: (214) 635-1828

*Attorneys for Plaintiff Stragent, LLC*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on this 29th day of June, 2017. Any other counsel of record will be served by facsimile transmission and first class mail.

                                            */s/George Pazuniak*
                                            George Pazuniak DE (No. 478) (Admitted *Pro Hac Vice*)